NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDEL LOPEZ-MORALES, | No. 20-72289 |
| Petitioner, | Agency No. A077-312-056 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,*** District Judge.

Petitioner Fidel Lopez-Morales petitions for review of a decision of the Board

of Immigration Appeals ("BIA") affirming the order of an Immigration Judge

denying his application for asylum, withholding of removal, and protection under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)).  Where, as here, a petitioner admits to not suffering past persecution, he "must establish a well-founded fear of future persecution . . . ." *Id.* at 1029.  A petitioner "does not have a well-founded fear of persecution if [he] could avoid persecution by relocating to another part of [his] country of nationality . . . [and] under all the circumstances it would be reasonable to expect [him] to do so."  8 C.F.R. § 1208.13(b)(2)(ii).

Petitioner claims that if he returns Mexico, the person responsible for his brother's death will find and harm him even if he relocates.  But Petitioner testified that he has never been personally threatened or harmed.  And though his family received several anonymous death threats, according to Petitioner, the threats were in response to his family pursuing a police investigation into his brother's death.  But Petitioner had nothing to do with pursuing the investigation, and his family has not contacted the police since filing a report in 2016.  In fact, there is no evidence that the person responsible for his brother's death has any interest whatsoever in

2

Petitioner, and his family members in Mexico remain unharmed. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("[A] family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). The record evidence does not compel reversal of the agency's internal relocation finding. *See Duran-Rodriguez*, 918 F.3d at 1028.

To qualify for withholding of removal, Petitioner must satisfy a more stringent standard and demonstrate that it is "more likely than not" he would be persecuted on account of a protected ground if returned to Mexico. 8 C.F.R. § 1208.16(b)(2). Because he has not established eligibility for asylum, "he necessarily fails to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, to qualify for relief under CAT, Petitioner must demonstrate "that it is more likely than not that he . . . would be tortured if removed" to Mexico. 8 C.F.R. § 1208.16(c)(2). Petitioner has never been threatened or harmed, let alone tortured. Nor has Petitioner provided any evidence that it is more likely than not he will be subjected to torture upon returning to Mexico. Substantial evidence thus supports the BIA's CAT determination. *See Duran-Rodriguez*, 918 F.3d at 1028.

**PETITION DENIED**.